IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 29, 2021

**STATE OF TENNESSEE v. ROY EVANS**

**Appeal from the Circuit Court for Sevier County**
**No. 20358-III        Rex H. Ogle, Judge**

_____

**No. E2020-01297-CCA-R3-CD**

_____

Roy Evans, Defendant, admitted to violating the conditions of probation and submitted the sentencing determination to the trial court. Following a hearing on the sentence, the trial court revoked probation and suspension of the sentence and ordered Defendant to commence the execution of the judgment as originally entered. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

M. Timothy Arrants, Sevierville, Tennessee, for the appellant, Roy Evans.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Assistant Attorney General; James B. Dunn, District Attorney General; and Charles L. Murphy, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Procedural History**

Defendant was indicted on May 11, 2015, for aggravated statutory rape and solicitation of a minor. On February 21, 2017, he pleaded guilty to aggravated statutory rape and was sentenced to four years, with six months to be served in confinement followed by supervised probation for the balance of the term. Defendant was required to register as a sex offender. The State dismissed the solicitation charge.

On July 13, 2020, a violation of probation warrant was issued alleging that Defendant "committed the felony offense" of violating "Residential and Work Restrictions" in Knox County. The warrant alleged that, between August 2019 and April 2020, Defendant "had contact, including overnight visits, with a minor child, A.F.," in violation of "Specialized Probation Condition number 9." According to the warrant, A.F. was Defendant's biological daughter, but "his parental rights over A.F. ha[d] been terminated." The warrant also alleged that, on July 9, 2020, Defendant was suspended from sex offender treatment "for failure to pass a polygraph, violation of group rules, and failure to make progress in treatment."

## Probation Revocation Hearing

At the beginning of the August 24, 2020, revocation hearing, Defendant pleaded guilty to violating the terms and conditions of his probation, leaving sentencing open to the court. The State called Knox County Probation Officer Melanie Godden who began supervising Defendant's probation in January 2020. She said that Defendant committed a "felony offense" by violating the "Residential and Work Restrictions regarding the sex offender registry - - in Knox County." When asked by the court how Defendant violated the restrictions, Officer Godden stated:

> He was having overnight visits with a minor child. And then between the months of August of 2019 and April of 2020, he had contact, including overnight visits, with a minor child with the initials of A.F., and this contact -- even the contact itself -- is prohibited by his specialized probation conditions because he has two sex offenses.[1] He has been convicted of two sex offenses against minor children.
>
> And then on July 9th of 2020, [D]efendant was suspended from sex offender treatment for failure to pass a polygraph, violation of group rules, and failure to make progress in treatment.

On cross-examination, Officer Godden agreed that Defendant reported to her and passed his drug screens. When asked if the minor child was Defendant's biological daughter, Officer Godden answered:

> He is the biological father of that child. However, he voluntarily signed away his parental rights, which means he has no legal rights to that child, so that

---

[1] The record on appeal includes a Criminal History Report filed shortly after Defendant was indicted, which shows that Defendant was convicted of statutory rape on July 30, 2007, and was sentenced to one year to serve.

- 2 -

child is no different than a stranger child at this point.  He has no legal rights to that child.[2]

Defendant testified that he "signed away his rights" to his daughter "because [he] was facing a sex offense."  Defendant claimed that he was contacted by A.F.'s mother and asked if he wanted to see his daughter.  Defendant explained that he did not want to deny his child the opportunity to see him after her mother approached him and asked for contact between them.  He claimed that he asked his previous three probation officers if he could see his daughter, but they never got back to him.  He did not ask Officer Godden but said that he thought his wife mentioned it to her.  Defendant also admitted that he was facing charges in Knox County over the violation of the sex offender registry.

Officer Godden presented rebuttal testimony stating that she "was not aware this child even existed" and that neither Defendant nor A.F.'s mother ever mentioned the child to her.

Following argument of counsel, the trial court noted that Defendant "was convicted of some very serious charges" and "placed on the sex offender registry," which prohibits Defendant from "having contact with minor children."  The court noted:

> [D]efendant has prove[n] -- and it's his words not mine -- that basically he could not tell this young girl no when she supposedly wanted to see him."  Well, he's the adult in the room, so to speak, and it was his job to stay away, to abide by the law. . . .  And he basically said he was going to see her, and he did.

The court found that Defendant was "in willful violation" by having inappropriate contact with a minor child on numerous occasions.  The court revoked probation and ordered the execution of the original sentence.  Defendant timely appeals.

## Analysis

On appeal, Defendant argues that the trial court abused its discretion by ordering the commencement of the original sentence.  The State argues that the trial court acted

---

[2] The record on appeal includes a Probation Violation Report submitted by Officer Godden and filed with the trial court on July 13, 2020, the same day that the Violation of Probation and Arrest Warrant was signed by the trial court and filed.  The report stated that A.F. had been adopted on April 17, 2015, and that A.F.'s adoptive parents had provided Officer Godden with a copy of the Final Decree of Adoption. Neither Officer Godden nor the trial court mentioned the Probation Violation Report or the adoption during the revocation hearing.

within its discretion in revoking Defendant's probation and ordering him to serve the balance of his sentence in confinement. We agree with the State.

"If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence," and "[c]ause a defendant to commence the execution of the judgment as originally entered[.]" Tenn. Code Ann. § 40-35-311(e)(1)(A) (2020); *see also* Tenn. Code Ann. § 40-35-310(a) ("[T]he trial judge may order the original judgment so rendered to be in full force and effect from the date of the revocation of the suspension[.]"). We will not disturb the trial court's ruling on appeal absent an abuse of discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). To establish an abuse of discretion, a defendant must show that there is "no substantial evidence" in the record to support the trial court's determination that a violation of probation has occurred. *Id.* (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)).

Defendant argues on appeal that there was no proof that his parental rights to A.F. had been terminated or that a surrender had been accepted by a court, and therefore, he had the right pursuant to the "Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004," Tennessee Code Annotated section 40-39-201, et seq., to reside overnight with his biological child. Tennessee Code Annotated section 40-39-211(c)(1)(A)(2020) provides:

(c)(1) While mandated to comply with the requirements of this part, no sexual offender or violent sexual offender, whose victim was a minor, shall knowingly reside or conduct an overnight visit at a residence in which a minor resides or is present. Notwithstanding this subsection (c), the offender may reside, conduct an overnight visit, or be alone with a minor if the offender is the parent of the minor, unless:

(A) The offender's parental rights have been or are in the process of being terminated as provided by law[.]

During Defendant's testimony at the revocation hearing, the following exchange took place:

DEFENSE COUNSEL: Sir, you know you weren't supposed to be around your daughter?

DEFENDANT: Yes, sir.

DEFENSE COUNSEL: And why were you around your daughter?

DEFENDANT: Because I signed my rights away, your Honor, because I was facing a sex offense.

Officer Godden testified that Defendant "voluntarily signed away his parental rights, which means he has no legal rights to that child, so that child is no different than a stranger child at this point." Officer Godden stated that "between the months of August of 2019 and April of 2020, [Defendant] had contact, including overnight visits, with a minor child with the initials, A.F., and this 'contact' was prohibited by his specialized probation conditions because he had been convicted of two sex offenses against minor children."

Because Defendant admitted that he violated the conditions of his probation, the trial court had the right to "revoke the probation and suspension of sentence" and "[c]ause [D]efendant to commence the execution of the judgment as originally entered[.]" Tenn. Code Ann. § 40-35-311(e)(1)(A) (2020).

## Conclusion

We affirm the judgment of the trial court.

_____
ROBERT L. HOLLOWAY, JR., JUDGE